**Cecil Reginald JAY, Appellant,**

v.

**John B. BOYD, District Director, Immigration and Naturalization Service, Appellee.**

**No. 14545.**

United States Court of Appeals
Ninth Circuit.

Aug. 4, 1955.

958

John Caughlan, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., John W. Keane, Francis N. Cushman, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

PER CURIAM.

By petition for rehearing appellant asserts our opinion was incorrect in stating that the special hearing officer who denied the requested suspension did so on the basis of confidential information "disclosure of which, in the opinion of the officer, would be prejudicial to the public interest." It is asserted that the findings show that the officer's order did not use the quoted words which are those used in the Regulation cited in the opinion.

The precise words of the order were: "On the record, respondent appears to be qualified for suspension of deportation. However, after considering confidential information relating to the respondent, as is provided for under 8 CFR 244.3, it is concluded that the respondent's case does not warrant favorable action and that his application for suspension of deportation be denied." We think that this is a statement to the effect that the hearing officer was considering the confidential information under the circumstances, upon the conditions, and in the manner provided by the regulation. He considered it "as is provided for" under the regulation.

The discretionary power granted the Attorney General is limited only by the latter's self-imposed regulations. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265, 74 S.Ct. 499, 98 L.Ed. 681. Here it is apparent that the officer complied with the regulation as a matter of substance. We agree with the trial court that the regulations require no special finding in any particular words or language. We have no authority to review the discretionary determination here made. Rehearing denied.